In re BICOASTAL CORPORATION d/b/a Simuflite f/k/a the Singer Company, Debtor.

BICOASTAL CORPORATION d/b/a Simuflite f/k/a the Singer Company, Plaintiff,

v.

SONORA ASSOCIATES, LTD., Defendant.

Bankruptcy No. 89–8191–8P1. Adv. No. 90–417.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

March 26, 1991.

Harley Riedel, Tampa, Fla., for plaintiff.

Carl Grumer, Beverly Hills, Cal., for defendant.

## ORDER ON MOTION TO DISMISS OR MOTION TO ABSTAIN

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a yet to be confirmed Chapter 11 case and the matters under consideration are two Motions filed by Sonora Associates, Ltd. (Sonora) in the above-captioned adversary proceeding. Sonora seeks a dismissal of the Complaint filed by Bicoastal Corporation, d/b/a Simuflite, f/k/a The Singer Company (Debtor) or, in the alternative, seeks an order of abstention pursuant to 28 U.S.C. Section 1334(c)(2).

The underlying dispute involves four leases of adjacent property with Sonora as the lessor and the Debtor as the lessee. The Debtor filed, and this Court granted, a Motion to assume those leases and assign them to Librascope. Thereafter, a dispute arose between Sonora and Librascope regarding whether certain lease renewal options were properly exercised, which resulted in the Debtor filing the above-styled adversary proceeding against Sonora. In Count I of the Complaint, the Debtor seeks a declaration from this Court that the lease renewal options were, in fact, properly exercised, and in Count II, the Debtor seeks an order from this Court enjoining Sonora from taking any action against Librascope based on its claim that the leases in question expired prior to the exercise of the renewal option by Librascope.

It is Sonora's contention that this is basically a dispute between two non-debtors, i.e. Sonora and Librascope, and that this Court has no jurisdiction to consider the issues raised by the Complaint. In opposition, the Debtor contends that the leases in controversy were property of the estate by virtue of Section 541 of the Bankruptcy Code, and although by virtue of the approved assumption and assignment they are no longer property of the estate, this Court retains ancillary jurisdiction over the controversy. In addition, the Debtor also advances the contention that this Court has jurisdiction to undertake a "judicial construction" of certain things that occurred post-petition and involved an act by the debtor-in-possession.

In addition to seeking dismissal of this adversary proceeding for lack of jurisdiction, Sonora also urges that this is clearly a non-core proceeding involving an interpretation of California real estate law and, therefore, it is appropriate for this Court to abstain from considering this matter pursuant to 28 U.S.C. Section 1334(c)(2). It should be noted at the outset that inasmuch as there is no suit pending in any non-bankruptcy forum involving this same controversy, the mandatory abstention provision of the Judicial Code, 28 U.S.C. Section 1334(c)(2), is not applicable.

Considering first the Motion to Dismiss based on the contention that this Court lacks jurisdiction, this Court is satisfied that while it is true that the leases in question were properties of the estate, they are no longer properties of the estate, the same having been assumed and assigned and, therefore, this is strictly a controversy between two non-debtors and this Court should not entertain the complaint filed by the Debtor. It might be argued that because the leases were at one time property of the estate, a residual interest in this controversy which would support this Court's jurisdiction remains. However, it is unnecessary to determine whether the Motion to Dismiss should be granted because it is clear that the Motion to Abstain should be granted, albeit not necessarily on one of the grounds urged by Sonora.

As previously noted, it is undisputed that there is no litigation pending in a non-bankruptcy forum between Sonora and Librascope involving the same issues. For this reason, the mandatory abstention provision of the Judicial Code, 28 U.S.C. Section 1334(c)(2), is clearly not applicable. This

leaves for consideration whether or not this Court should abstain to consider this controversy and the claims set forth in the Complaint filed by the Debtor pursuant to 28 U.S.C. Section 1334(c)(1), the so-called option abstention provision.

It is without dispute that the leases in question relate to real estate located in the state of California and involve the interpretation of California law and do not require the interpretation of any provision of the Bankruptcy Code. Moreover, both Sonora and Librascope are located in California, all witnesses with knowledge about the transaction are located in California and, lastly, it is represented to this Court that the matter could be speedily resolved in California. Thus, abstention of this matter would not have a detrimental affect on the progress of this Chapter 11 case which, at this time, is no where near the point of reorganization.

In sum, based on the foregoing, this Court is satisfied that it is appropriate to abstain to consider the claims set forth in the Complaint filed by the Debtor and, therefore, the Motion to Abstain should be granted pursuant to 28 U.S.C. Section 1334(c)(1). In light of the foregoing, it is unnecessary to rule on the Motion to Dismiss.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Abstain be, and the same is hereby, granted. It is further

ORDERED, ADJUDGED AND DECREED that the above-captioned adversary proceeding be, and the same is hereby, dismissed without prejudice to the right of the Debtor to assert whatever interest it has in the controversy between Sonora and Librascope in the proper California forum.

DONE AND ORDERED.